A. Evans
244 5th Ave #2866
New York, NY 10001

## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF NEW YORK

19 CV 10896

**A. EVANS**

**Plaintiff,**

**vs.**

**U.S. DEPARTMENT OF EDUCATION**

**Defendant**

**VERIFIED COMPLAINT**

## BASIS FOR JURISDICTION

Plaintiff, brings this claim *as **"subject matter"** or*

***"in rem",*** against subject matter corporation and corporations acting under

the jurisdiction of the laws governing the operation of their public business,

and "**in rem**" of the charging instrument in question, subject to the

jurisdiction of the processed financial charging instrument "the promissory

note". The "subject matter" and "in rem" jurisdiction is pursuant

to violations by judicial due process pursuant to the U. S. Constitutional

protections 1st 4th 5th and 6th Amendments to the Bill of Rights, U.S.C. Title

# 28 U.S.C. §§1331 1337, and The Fair Debt Collection Practices Act, (FDCPA), 15 U.S.C. §1692 (a)[1] (f)[2i] (g)[3] (k)[4]

_____

[1] (a) NOTICE OF DEBT; CONTENTS Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

[2] A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)
The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
(2)
The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.
(3)
The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.
(4)
Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.
(5)
Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.
(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
(A)
there is no present right to possession of the property claimed as collateral through an enforceable security interest;
(B)
there is no present intention to take possession of the property; or
(C)
the property is exempt by law from such dispossession or disablement.
(7)
Communicating with a consumer regarding a debt by post card.
(8)
Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

[3] (a)NOTICE OF DEBT; CONTENTS Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;

A. EVANS VS U.S DEPARTMENT OF EDUCATION

one through §1692(p) to obtain civil and equitable relief for defendants' violations of section 5A of and (FDCPA) 15

U.S.C. §1592 through §1692 (p) in connection with this collection of consumer depts.

_____

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b)DISPUTED DEBTS If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c)ADMISSION OF LIABILITY The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d)LEGAL PLEADINGS A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e)NOTICE PROVISIONS The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by title 26, title V of Gramm-Leach-Bliley Act [15 U.S.C. 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

[4] a) AMOUNT OF DAMAGES Except as otherwise provided by this section, any debt collector who fails to comply with

any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) FACTORS CONSIDERED BY COURT In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors—

(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional;

- 3 - | P A G E

**A. EVANS VS U.S DEPARTMENT OF EDUCATION**

## STATEMENT OF FACTS

Plaintiff was notified in 2017, The U.S. Department of Education, by a written demand payment for a student loan. See attached exhibit (1)

Plaintiff, made three attempts by mail, requested proof of supporting documents pertaining to the allege student loan in question.  See attached exhibit (2)

Defendant(s) did not provide school application records, loan application, attendance proof or agreed loan amount.  They did not comply as legal debt collectors in accordance with the Fair Debt Collection Practice Acts.  Their agents made several calls pressuring for payments and threating letters of wage garnishments were implemented against Plaintiff.

The United States Department of Educations', website and toll-free numbers do not provide clear information to dispute student loan debts. The U.S. Department of Education provides information for payments, but not loan disputes.  Plaintiff made several attempts to find other means to stop the illegal non-judicial procedures in wage garnishments, and entries of the disputed student loan debt, to the three national credit reporting agencies.

Plaintiff made a request to, The U.S. Department of Education agents, for a copy of the allege original promissory note, inspection of it, is void of a digital signature by the plaintiff or a signature. The name is typed.   The promissory note is void of signatory's identification credentials; at the time the promissory note was signed. The promissory note is void of the loan amount.

Plaintiff utilized the U. S. Department of Education, default resolution process, as instructed, attached the affidavit along with several forms of identification. Plaintiff received an unsigned computer-generated response dated September 11th, 2019.  The student loan validated, because a payment was made which constitute validation of liability for the student loan. (Attached exhibit 3) (a) (b) (c).

Defendant(s) by and thru their agents, conspired to use deceptive debt collection procedure, to seize Plaintiff s' tax refund.  Prior to the tax refund seized, numerous requests were sought to validate their right to demand payments from Plaintiff.  Defendant(s) deliberately evaded to deny these requests.  They sought to use threats, deception and extortion for payments with no regard to provide Plaintiff's requests for validation of the student loan debt.

A. EVANS VS U.S DEPARTMENT OF EDUCATION

Plaintiff brings this claim against the deceptive practices of the defendant(s), by and through their agents, preventing full disclosures to dispute the unsigned promissory note as the financial charging instrument. Thus, holding Plaintiff accountable for an unverified defaulted debt student loan.

Defendant(s) failed to provide the following:

1. Initial school application, contract for the student loan.

2. The loan amount of promissory note.

3. A signed promissory note signed by Plaintiff.

4. An electronic signature on the promissory note by Plaintiff.

5. Grantee identification information on the promissory note. (state ID or other verifiable grantees on identification promissory note)

6. The name of the school official or agent who processed the student and promissory note, using plaintiff's name and information.

7. School admission records identifying Plaintiff as a student.

8. Proof of payments made by Plaintiff to U.S. Department of Education.

A. EVANS VS U.S DEPARTMENT OF EDUCATION

## INJURIES AND DAMAGES

Plaintiff's credit worthiness has been damaged by the defendant(s) reporting unverified student loan to three major national reporting agencies.

Plaintiff has been unable to acquire financial assistance from financial institutions by defendant's reckless and malicious public student loan debt reporting.

The U.S. Department of Education by their agents, used plaintiff's personal information, without written permission to do so to 3rd party debt collectors.

Defendants agents caused plaintiff to suffer bouts of emotional depression, and mental anguish, based on the illegally seized income tax refunds, they reported the unverified student loan to public financial institutions and third-party debt collectors.

A. EVANS VS U.S DEPARTMENT OF EDUCATION

**RELIEF SOUGHT**

Based on the facts herein this complaint, seeks the following relief:

1. The return of illegally seized income tax refunds, of 02/212 thru 02/2018 in the amount of $11,292.37 (eleven thousand, two hundred ninety-two dollars and thirty-seven cents, usd)

2. Liable damages awarded, in the amount of, $75,000 dollars for each year of false reporting to national credit agencies for the periods of, 02/ 2011 through present date of this complaint.

3. Punitive damages be awarded, in the amount of $75,000 dollars, for each year, 2011 thru 2018, by defendants depriving Plaintiffs' requests of documentation to support the alleged student loan.

4. Liable damages awarded, in the amount of, $75,000 dollars for debt disclosures by defendants to 3rd party debt collectors "GCS" Services and "Pioneer Credit Recovery Services"

5. Punitive damages awarded, in the amount of $75,000 dollars, for each debt disclosures by defendants to 3rd party debt collectors "GCS" Services and "Pioneer Credit Recovery Services"

A. EVANS VS U.S DEPARTMENT OF EDUCATION

6. Plaintiffs' private and public information within the United States Department of Education files, related to the student loan in matter be expunged and or deleted.

7. Applicable court filing fees, process serving fees and any other fees applicable in the consideration deem permissible as just compensation.

8. And any other monetary penalties against all defendants for violating the "Fair Debt Collection Practice Acts," by committing numerous violations known and unknown to plaintiff.

9. The Defendant(s) agents, debt collection actions and inactions violated judicial due process pursuant to the U. S. Constitutional protections 1st 4th 5th and 6th Amendments to the Bill of Rights, by depriving public consumer financial disclosures to Plaintiff numerous requests.

10.   The Defendant(s) by and through their agents, debt collection actions and inactions violated The Fair Debt Collection Practice Acts of basic consumer rights.

A. EVANS VS U.S DEPARTMENT OF EDUCATION

**Plaintiff also states the social security number in the exhibit not be revealed in the public record, has been black out.**

**Plaintiff reserves the right to amend this complaint, if deem necessary to do so.**

**Plaintiff affirms all the information in this complainant are facts as described.**

Akusia R. Evans

11/13/19

JOHN SANTIAGO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SA6325854
Qualified in New York County
My Commission Expires June 08, 2023

A. EVANS VS U.S DEPARTMENT OF EDUCATION

# EXHIBIT I

## A. U.S. DEPARTMENT OF EDUCATION  2017 DEMAND FOR PAYMENT

A. EVANS VS U.S DEPARTMENT OF EDUCATION





430116359   000205   **********AUTO**MIXED AADC 208
AKUSIA NMN EVANS
244 5TH AVE APT 2866
NEW YORK NY 10001-7604

November 21, 2017

ACCOUNT #: 1016594658

## NOTICE OF PROPOSED WAGE GARNISHMENT
### DUE TO DEBT OWED TO U.S. GOVERNMENT

The U.S. Department of Education (Department) intends to order your employer to withhold 15% of your disposable pay to satisfy your defaulted loan or grant obligation(s). Disposable pay is pay less health insurance premiums and amounts required by law to be withheld (e.g., Social Security, Federal and state taxes). The legal basis for this action is Section 31001(o) of the Debt Collection Improvement Act of 1996 (DCIA), pub. L.104-134,110 stat. 1321-358 (Apr. 26, 1996); codified at 31 U.S.C. 3720d. The balance on the debt(s) is $11,217.31. This includes, for loan debts, the principal loaned and any capitalized interest; for grant debts, the amount of overpayment; for all debts, accrued interest and fees, less any payments, refunds, or offsets received. We apply any payments we recover first to defray our collection costs (currently 25% of the amount of unpaid principal and interest), next to interest; last to principal. This notice explains your right to object to this action; read this entire notice for an explanation of your rights and how to use them.

If you do not timely exercise your rights in the way described below or you do not make a Repayment Agreement or you later fail to make the payments required by such agreement, the Department will order your employer to withhold and send to the Department 15% of your disposable pay each pay period until the balance, with accruing interest and collection costs we incur, is paid in full (NOTE: the amount actually withheld to pay this debt may be less than 15% of disposable pay, depending on your income and other claims against you.)

You have the following rights regarding this action: you have the right to inspect and copy the Department records relating to your debt. Request Department records through the customer service number below (a request for records will not delay garnishment action unless you have also timely objected to garnishment in the manner specified in this notice).

You have the right to object to the proposed garnishment and to a hearing on your objection.

1. You may object for reasons concerning the existence, amount, and enforceability of the debt.
2. You may also object that having amounts equal to 15% of your disposable pay withheld, from your disposable pay or making voluntary payments in that amount would cause financial hardship for you and your dependents.

You must make a hearing request in writing, and send it to the Department at the address on the enclosed Request for Hearing (RFH) form. If your request is postmarked or received by us within 30 calendar days of the date of this notice we will not garnish until we complete the requested hearing and determine that

# EXHIBIT II

A. Plaintiff made several requests to the USDE, for proof or taking out a
   student loan and not

A. EVANS VS U.S DEPARTMENT OF EDUCATION

12/4/2017   Request for proof.

TOMPKINS SQUARE
244 E 3RD ST
NEW YORK
NY
10009-9991
3596220022
(800)275-8777   3:16 PM

| Product Description | Sale Qty | Final Price |
| --- | --- | --- |
| First-Class Mail | 1 | $0.49 |
| (Domestic) | | |
| (ATLANTA, GA 30346) | | |
| (Weight:0 Lb 1.00 Oz) | | |
| (Estimated Delivery Date) | | |
| (Tuesday 12/26/2017) | | |
| Certified | 1 | $3.35 |
| (USPS Certified Mail #) | | |
| (70170530000036259854) | | |
| Affixed | 1 | ($0.49) |
| Postage | | |
| (Affixed Amount $0.49) | | |

Total                                    $3.35

Debit Card Remit'd                       $3.35
(Card Name: Debit Card)
(Account #XXXXXXXXXXXX5929)
(Approval # )
(Transaction #1903)
(Receipt #010750)
(Debit Card Purchase:$3.35)
(Cash Back $0.00)

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit USPS.com
USPS Tracking or call 1-800-222-1811.

Order stamps at usps.com/shop or call
1-800-Stamp24. Go to
usps.com/clicknship...

U.S. Postal Service
CERTIFIED MAIL RECEIPT
Domestic Only

ATLANTA, GA 30348

Certified Mail Fee   $3.35
$_____
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $_____
☐ Return Receipt (electronic)      $_____
☐ Certified Mail Restricted Delivery $_____
☐ Adult Signature Required         $_____
☐ Adult Signature Restricted Delivery $_____
Postage   $0.49
$_____
Total Postage and Fees
$

US Dept of Ed
PO Box 105029
Atlanta GA 30348

12/21/2017

7017 0530 0000 3625 9854

**AKUSIA EVANS**
**244 5th AVE STE # 2866**
**NEW YORK, NY 10001**

February 7, 2018

**US DEPARTMENT OF EDUCATION**
**NATIONAL PAYMENT CENTER**
**PO.BOX 105028**
**ATLANTA, GA 30348**

Sent By U.S.P.S. First Class Mail / Certificate of mailing

**Reference : Alleged Account number # 1016594568**

I am in receipt of a threatening letter noticing that, my hard earned income wages will be executed against for unofficial, unverified claims of owning a unsecured student loan debt. That it also threatens, I pay or % 15 of my wages will seized. That, it threatens I fill out the attached forms with my personal information, if owed the US Department Of Ed should have records of.

I'm unaware, of previous or present loan taken with the **US DEPARTMENT OF EDUCATION NATIONAL PAYMENT CENTER PO.BOX 105028 ATLANTA, GA 3034.**

**I'm confused** as to why I'm being threatened to reveal and verified my personal information of a debt I do not owe. They're no documents signed by anyone this noticed to me, nor is there any documents with authentic official papers of me applying for school. I demand that I be provided with proof of documented verification of me applying for a student loan, and doing business with your or your debt collection agency. I expect a person with signed authority to provide me with this request within **14** business days.

Respectfully,

Ms. Evans

**AKUSIA EVANS**
**244 5th AVE STE # 2866**
**NEW YORK, NY 10001**

February 7, 2018

US DEPARTMENT OF EDUCATION
NATIONAL PAYMENT CENTER
PO.BOX 105028
ATLANTA, GA 30348

Sent By U.S.P.S. First Class Mail / Certificate of mailing

Reference : Alleged Account number # 1016594568

I am in receipt of a threatening letter noticing that, my hard earned  income wages  will be executed against for unofficial,  unverified claims of  owning a unsecured student loan  debt . That it also threatens, I pay or % 15 of my wages will seized. That, it threatens I fill out the attached forms with my personal information,  if owed the US Department Of Ed should have records of.

I'm unaware, of previous or present loan taken with the **US DEPARTMENT OF EDUCATION NATIONAL PAYMENT CENTER PO.BOX 105028 ATLANTA, GA 3034.**

**I'm confused**  as to why I'm being threatened to reveal and verified  my personal information of a debt I do not owe. They're no documents signed by anyone  this noticed to me, nor is there any documents with authentic official papers of me applying for school. I demand that I be  provided with proof of  documented verification  of me applying for a student loan, and doing business with your or your debt collection agency . I expect a person with signed authority to provide me with my request within  **14** business days.

Respectfully,

Ms. Evans

# EXHIBIT III

A. Promissory note
   (Plaintiff also states the social security number in the exhibit not be revealed in the public record, has been black out.)

B. Supporting documents to dispute student loan

C. USDE denial response

A. EVANS VS U.S DEPARTMENT OF EDUCATION

# Direct Loans
William D. Ford Federal Direct Loan Program

**Federal Direct Stafford/Ford Loan**
**Federal Direct Unsubsidized Stafford/Ford Loan**
**Master Promissory Note**
**William D. Ford Federal Direct Loan Program**

Warning: Any person who knowingly makes a false statement or misrepresentation on this form will be subject to penalties which may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

OMB No. 1845-0007
Form Approved
Exp. Date 05/31/2011

## SECTION A: BORROWER INFORMATION                    READ THE INSTRUCTIONS IN SECTION F BEFORE COMPLETING THIS SECTION

1. Driver's License State and No.

2. Social Security No.
   ████ 0113

3. E-mail Address (optional)
   KUSTARI18@YAHOO.COM

4. Name and Address
   EVANS, AKUSIA
   244 5TH AVENUE APT 2866

   NEW YORK, NY 10001

5. Date of Birth    05/15/1988

6. Area Code/Telephone No
   (212) 252-4329

7. References: List two persons with different U.S. addresses who have known you for at least three years. The first reference should be a parent or legal guardian.

| | 1. | 2. |
|---|---|---|
| Name | ROZALYN   WILLIAMS | RANDY   SINGLETON |
| Permanent Street Address | 244 5TH AVENUE #2866 | 529 WEST 158TH STREET #5C |
| City, State, Zip Code | NEW YORK, NY 10001 | NEW YORK, NY 10032 |
| Area Code/Telephone No. | (212) 252-4329 | (646) 392-6801 |
| Relationship to Borrower | PARENT | FRIEND |

## SECTION B: SCHOOL INFORMATION – TO BE COMPLETED BY THE SCHOOL

8. School Name and Address  NEW YORK SCHOOL FOR MEDICAL & DENTA
   33-10 QUEENS BOULEVARD
   2ND FLOOR
   LONG ISLAND CITY, NY 11101-2327

9. School Code/Branch
   G10551

10. Identification No.
    054760113-M-10-G10551-001

## SECTION C: BORROWER REQUEST, CERTIFICATIONS, AUTHORIZATIONS, AND UNDERSTANDINGS – READ CAREFULLY BEFORE SIGNING BELOW

11. This is a Master Promissory Note (MPN) for one or more Federal Direct Stafford/Ford (Direct Subsidized) Loans and/or Federal Direct Unsubsidized Stafford/Ford (Direct Unsubsidized) Loans. I request a total amount of Direct Subsidized Loans and/or Direct Unsubsidized Loans under this MPN not to exceed the allowable maximums under the Act ("the Act" is defined in Section E under Governing Law). My school will notify me of the loan type and loan amount that I am eligible to receive. I may cancel a loan or request a lower loan amount that I am eligible to receive. I may cancel a loan or request a lower amount by contacting my school. Additional information about my right to cancel a loan or request a lower amount is included in the Borrower's Rights and Responsibilities Statement and in the disclosure statements that will be provided to me.

12. Under penalty of perjury, I certify that:

A. The information I have provided on this MPN and as updated by me from time to time is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

B. I will use the proceeds of loans made under this MPN for authorized educational expenses that I incur and I will immediately repay any loan proceeds that cannot be attributed to educational expenses for attendance on at least a half-time basis at the school that certified my loan eligibility.

C. If I owe an overpayment on a Federal Perkins Loan, Federal Pell Grant, Federal Supplemental Educational Opportunity Grant, Academic Competitiveness Grant (ACG), National Science or Mathematics Access to Retain Talent (SMART) Grant, or Leveraging Educational Assistance Partnership Grant, I have made satisfactory arrangements to repay the amount owed

D. If I am in default on any loan received under the Federal Perkins Loan Program (including National Direct Student Loans), the William D. Ford Federal Direct Loan (Direct Loan) Program, or the Federal Family Education Loan (FFEL) Program, I have made satisfactory repayment arrangements with the holder to repay the amount owed.

E. If I have been convicted of, or pled *nolo contendere* (no contest) or guilty to, a crime involving fraud in obtaining funds under title IV of the Higher Education Act of 1965 (HEA), as amended, I have completed the repayment of the funds to the U.S. Department of Education (ED) or to the loan holder in the case of a Title IV federal student loan.

13. For each Direct Subsidized Loan and Direct Unsubsidized Loan I receive under this MPN, I make the following authorizations:

A. I authorize my school to certify my eligibility for the loan.

B. I authorize my school to credit my loan proceeds to my student account at the school.

C. I authorize my school to pay to ED any refund that may be due up to the full amount of the loan.

D. I authorize ED to investigate my credit record and report information about my loan status to persons and organizations permitted by law to receive that information.

E. Unless I notify ED differently, I authorize ED to defer repayment of principal on my loan while I am enrolled at least half-time at an eligible school.

F. I authorize my school and ED to release information about my loan to the references on the loan and to members of my immediate family, unless I submit written directions otherwise.

G. I authorize my schools, lenders and guarantors, ED, and their agents to release information about my loan to each other.

H. I authorize my schools, ED, and their respective agents and contractors to contact me regarding my loan request or my loan, including repayment of my loan, at the current or any future number that I provide for my cellular telephone or other wireless device using automated dialing equipment or artificial or prerecorded voice or text messages.

14. I will be given the opportunity to pay the interest that ED charges during grace, in-school, deferment, forbearance, and other periods as provided under the Act, including during in-school deferment periods. Unless I pay the interest, I understand that ED may add unpaid interest that is charged on each loan made under this MPN to the principal balance of that loan (this is called "capitalization") at the end of the grace, deferment, forbearance, or other period. Capitalization will increase the principal balance on my loan and the total amount of interest I must pay.

15. I understand that ED has the authority to verify information reported on this MPN with other federal agencies.

## SECTION D: PROMISE TO PAY

16. I promise to pay to ED all loan amounts disbursed under the terms of this MPN, plus interest and other charges and fees that may become due as provided in this MPN. **I understand that more than one loan may be made to me under this MPN.** I understand that by accepting any disbursement issued at any time under this MPN, I agree to repay the loan associated with that disbursement. I understand that, within certain timeframes, I may cancel or reduce the amount of a loan by refusing to accept or by returning all or a portion of any disbursement that is issued. Unless I make interest payments, interest that ED charges on my loans during grace, in-school, deferment, forbearance, and other periods will be added to the principal balance of the loan as provided under the Act. If I do not make a payment on a loan made under this MPN when it is due, I will also pay reasonable collection costs, including but not limited to attorney's fees, court costs, and other fees. I will not sign this MPN before reading the entire MPN, even if I am told not to read it, or told that I am not required to read it. I am entitled to an exact copy of this MPN and the Borrower's Rights and Responsibilities Statement. My signature certifies that I have read, understand, and agree to the terms and conditions of this MPN, including the Borrower Request, Certifications, Authorizations, and Understanding in Section C, the Notice About Subsequent Loans Made Under this MPN in Section E, and the terms and conditions described in Section E of this MPN and in the Borrower's Rights and Responsibilities Statement.

### I UNDERSTAND THAT I MAY RECEIVE ONE OR MORE LOANS UNDER THIS MPN, AND THAT I MUST REPAY ALL LOANS THAT I RECEIVE UNDER THIS MPN.

17. Borrower's Signature   Akusia  Evans
    (Electronic Signature)

18. Today's Date (mm-dd-yyyy)   10/06/2009

Revised 03/2009

7017 0530 0000 3621 0522

## AFFIDAVIT OF FORGERY
## In support of LOAN DISCHARGE /CANCELLATION

That, I am first duly affirm and state I am: AKUSIA A. EVANS, address: 244 5ᵗʰ Ave, #2866, New York, 10001, telephone # (212) 262-4329.

That, the instrument forged is a: Direct Loans, Master Promissory Note, William D Ford Direct Loan Program" is void of an account number (see attach).

That, on the Direct Loans, Master Promissory Note, I am named as the "Borrower."

That, the signature for the instrument listed below and attached to this affidavit is not written, nor authorized by me and is a forgery. The Promissory Note has an electronic signature dated October 6ᵗʰ, 2009.

That, the Promissory Note is voided of borrower's government id" or "state driver's number" verification.

That, two checks were issued in the amount of, (1) $3.473,00, dated 11/25/2009 and (2) $3,500.00, dated 11/15/2009 total of $10.285.00, late fees and interests total, $11.293.49 owed.

That, the account number is `1016594658 and Debt No: 15904233 and 15910410.

That, I did not receive any part of the proceeds of the instrument listed above.  This affidavit is made for the purpose of establishing the fact that my signature has been entered by electronic signature and a forgery.

That, I do not know who forged my signature.

That, I do not have any government ID or checks prior to 2010 in support of my signature. I was 21 years of age when this loan was illegally acquired in my name and relied solely on my single parent for financial support.

That, I have attached four government ID's in support of this affidavit with my picture blacked out, as I do not want further exploitation of my identity.

I SIGNED MY NAME FIVE TIMES:

AKUSIA EVANS

STATE OF     NY          COUNTY OF     NY

Subscribed and sworn to before me this  05  day of  AUG  20 19    _Jenice Hernandez_ Notary

_State of New York_
_County of New York_

**Jenice Hernandez**
Notary Public, State of New York
No. 01HE6359254
Qualified in Bronx County
Certified in New York & Kings County
Commission Expires May 22, 2021
The UPS Store® | 82 Nassau St | 212.406.9010

LOAN DISCHARGE / CANCELLATION for Akusia A. Evans, 244 5ᵀᴴ Ave #2866, NY, NY
SS# 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, Account # 1016594658                    pg. 1



September 11, 2019

AKUSIA EVANS
244 5TH AVENUE
APARTMENT 2866
NEW YORK, NY 10001-7604

Debt No: 15904233
15910410
Account Number: 1016594658

Dear Akusia Evans,

Thank you for your correspondence concerning your student loan account with the U.S. Department of Education, Federal Student Aid.

You state that you did not sign documentation for a loan(s) obtained to attend New York School for Medical & Dental Assistants

On September 11, 2019, the Department reviewed your account. Unfortunately, you do not qualify for a discharge of your loan(s) due to False Certification.  The voluntary payments made on your debt serve as official ratification of that debt. As a result, you are still responsible for the repayment of the debt and any interest and/or fees associated with the debt.

It is imperative that you make timely and consistent payments in accordance with a repayment agreement.  If you do not make payments on time each and every month, we may assign your account to a collection agency and add collection costs, offset your federal tax refunds and other payments, garnish your wages, begin litigation in federal court, and report your account to the credit bureaus.

If you uncover additional information that you believe may entitle you to a discharge, please resubmit your application with any additional information for reconsideration.

**If you disagree with this decision, you may file a lawsuit in U.S. Federal District Court.**

For further information regarding this account, you should contact Pioneer Credit Recovery, Inc. at 1-888-287-0317.

We hope this information will be helpful to you.

Sincerely,
Default Resolution Group Servicing Center

28 USC 1608 Summons IH 6
4/17

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

A. EVANS

```
_____        )
              Plaintiff                 )
                                        )
              v.                        )          Civil Action No.
UNITED STATES DEPARTMENT OF EDUCATION et.,  )
al.                                     )
_____        )
              Defendant                 )
```

## SUMMONS IN A CIVIL ACTION

To:      (Defendant's name and address)

      UNITED STATES DEPARTMENT OF EDUCATION
      400 MARYLAND AVE SW
      WASHINTON, DC

      A lawsuit has been filed against you.

      Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

      A. EVANS
      244 5TH AVE #2866
      NEW YORK, NY 10001

      If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

**CLERK OF COURT**

Date: _____          _____
                                             Signature of Clerk or Deputy Clerk

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

PRIORITY®

**UNITED STATES POSTAL SERVICE.** *Retail*

**P** US POSTAGE PAID
**$7.35**
Origin: 10009
11/13/19
3596220022-13

PRIORITY MAIL 1-DAY®

1 Lb 1.60 Oz
**1005**

EXPECTED DELIVERY DAY: 11/14/19

C014

SHIP TO:
500 PEARL ST
NEW YORK NY 10007-1316

**USPS TRACKING NUMBER**

9505 5127 0768 9317 2918 98

This envelope is made from post-consumer waste. Please recycle • again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2015; All rights reserved.

FROM:

PRIORITY® ★ MAIL ★

**UNITED STATES POSTAL SERVICE®**
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
A. Evans
244 5th Ave #2806
New York NY 10001



RECEIVED
NOV 14 2019

TO:
United States District Court
For The
Southern District N New York
Clerks Office
500 Pearl Street
New York NY 10007-1312

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE

Pro-Se Intake



