UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
AKUSIA EVANS,

No. 19 CV 10896-LTS-DCF

                    Plaintiff,

          -against-

UNITED STATES DEPARTMENT OF
EDUCATION,

                    Defendant.
--------------------------------------------------------x

<u>ORDER</u>

The Court has received and reviewed Plaintiff's application seeking entry of a

default judgment against Defendant.  (Docket Entry No. 9.)  Defendant United States Department

of Education is an agency of the United States.  Accordingly, service of the summons and

complaint must comply with Federal Rule of Civil Procedure 4(i)(2), which requires that "[t]o

serve a United States agency or corporation . . . a party **must serve the United States** and **also**

send a copy of the summons and of the complaint by registered or certified mail to the agency [or]

corporation[.]"  Service upon the United States requires a plaintiff to:

> **(A)(i)** deliver a copy of the summons and of the complaint to the United
> States attorney for the district where the action is brought--or to an assistant
> United States attorney or clerical employee whom the United States
> attorney designates in a writing filed with the court clerk—or **(ii)** send a
> copy of each by registered or certified mail to the civil-process clerk at the
> United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney
> General of the United States at Washington, D.C.; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the
> United States, send a copy of each by registered or certified mail to the
> agency or officer.

Fed. R. Civ. P. 4(i)(1).  Accord Brooks v. United States Dep't of Educ., No. 3:18-CV-1450-D, 2018 WL 5722674, at \*1 (N.D. Tex. Aug. 13, 2018) ("To serve a United States agency, such as the Department of Education, a party must serve both the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency.").

Here, the executed summonses filed by Plaintiff reflect that service of the summons and complaint in this action was made only by certified mail on Defendant in Washington D.C. (Docket Entry Nos. 7. 8.)  Plaintiff has not submitted proof of proper service upon the United States under Federal Rule of Civil Procedure 4(i)(1), however.  See Yarpah v. United States Dep't of Educ., No. CV 17-10901-RGS, 2018 WL 2023518, at \*3 (D. Mass. May 1, 2018) ("Although the DOE appears to have been properly served, there is no indication on the docket that the United States Attorney General or the United States Attorney for the District of Massachusetts received a copy of the summons and Complaint, as required under Rule 4(i) of the Federal Rules of Civil Procedure.").  Accordingly, Plaintiff's application for the entry of a default judgment is denied without prejudice to refiling after proof of proper service of the summons and complaint, in compliance with Federal Rule of Civil Procedure 4(i), in the event Defendant fails to respond in a timely fashion.

Plaintiff's time to complete service in this action is extended to **December 18, 2020**.  The Clerk of Court is directed to mail a copy of this Order, together with an amended summons and new service packet, to Plaintiff.

SO ORDERED.

Dated: New York, New York
      October 6, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge